UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAMANTHA SCHELER,            )
                             )
    Plaintiff,                )
                             )
vs.                          )   CASE NO.: _____
                             )
CVS PHARMACY, INC.,           )
                             )
    Defendant,                )
_____ /

**COMPLAINT**

COMES NOW, Plaintiff, Samantha Scheler (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, sues Defendant, CVS PHARMACY INC. (hereinafter referred to as "Defendant"), and alleges:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206, 207, and 216(b), which provides that suit under the Fair Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Defendant resides in and/or does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims plead in this Complaint occurred within this District.

## PARTIES

4. Plaintiff, Samantha Scheler, is a resident of the State of Florida and was an employee of Defendant in this District and division during the three (3) years before the date on which this Complaint was filed.

5. During the three (3) years before the date on which this Complaint was filed, Plaintiff was employed by Defendant as a pharmacy technician at one of Defendant's retail pharmacy stores in the Pensacola, Florida area.

6. At all times material, Plaintiff was an "employee" of Defendant within the meaning of the Act, 29 U.S.C. § 203(e)(1).

7. Defendant, CVS PHARMACY INC., is a Rhode Island for-profit corporation with a principal address of One CVS Drive, Woonsocket, Rhode Island 02895.

8. Defendant maintains office(s), stores, and/or engages in, conducts, and/or transacts business in the State of Florida, including this judicial district.

9. Defendant owns and operates a physical storefront located at 6888 North 9th Avenue, Pensacola, Florida 32504.

10. Defendant, at all times material, is an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

11. Defendant is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

12. At all times material, Defendant operated as a retail pharmacy.

13. Plaintiff worked for Defendant as a pharmacy technician from approximately August 2016 to July 2018 at the pharmacy located at 6888 North 9th Avenue, Pensacola, Florida 32504.

14. Defendant, as part of its business, would engage in interstate commerce by, but not limited to, processing credit cards which are instruments of interstate commerce, transacting business with foreign corporations which were part of interstate commerce, purchasing equipment, materials, parts, and supplies from dealers, wholesalers, suppliers, and retailers out of state which were part of interstate commerce, by advertising on the World Wide Web and other mediums to potential clients outside the State of Florida, and by

transacting business across state lines, all of which are part of interstate commerce.

15. Furthermore, Defendant obtained, exchanged, and sent/received funds to and from of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

16. Defendant has annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to the FLSA.

17. Defendant controlled the day to day operations of its business and was actively involved in the day to day operations of same, including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals and quotas, marketing, establishing services performed, setting pricing for products and services, and other business operations.

18. Defendant supervised the operations of its business, including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

19. At all times material herein, Defendant controlled Plaintiff's day to day activities, supervised, and/or had operational control over Plaintiff. Defendant was responsible for hiring Plaintiff, having the ability to terminate Plaintiff, setting Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, setting Plaintiff's work schedule including the number of days and hours worked, determining and assigning Plaintiff's work duties, and supervising Plaintiff.

20. Plaintiff was individually covered by the FLSA as she utilized the instrumentalities of commerce whiles she performed her duties for the Defendant.

21. While employed with Defendant, Plaintiff's work duties included, but were not limited to, working with the pharmacist to prepare and dispense prescription medications, count pills, measure medication, label and give instructions for medication, work with customers and health professionals, and help take payments.

22. Plaintiff was a "non-exempt" employee of Defendant.

23. Plaintiff was an hourly employee.

24. Plaintiff worked the number of hours required by Defendant, but was not paid for each and every hour worked during a work week.

25. Defendant suffered and permitted Plaintiff to work as its employee, but did not pay the appropriate rate for all work that Plaintiff performed for Defendant.

26. Plaintiff worked over forty (40) hours in a work week for Defendant, but was not paid overtime compensation at the proper overtime rate by Defendant for all those hours worked over forty (40) in a work week.

27. Defendant was involved in, and responsible for, paying Plaintiff for work performed.

28. The records concerning the hours worked by Plaintiff are in the exclusive possession and sole custody and control of Defendant. Therefore, Plaintiff is unable to determine and state the exact amount of damages due.

29. Defendant's actions in failing and/or refusing to pay Plaintiff at least the Federal Minimum Wage and/or the applicable overtime compensation, as required by the FLSA, were willful and not in good faith.

30. Plaintiff has retained the undersigned attorneys and Defendant is obligated to pay them a reasonable fee for their services pursuant to the FLSA, and Florida law.

## COUNT I – FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

31. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty (30) above as if fully set forth herein.

32. Plaintiff was employed by Defendant as a pharmacy technician from approximately August 2016 to July 2018.

33. During Plaintiff's time as Defendant's employee, Plaintiff worked as a pharmacy technician, and performed the essential duties required of Plaintiff, including, but not limited to, working with the pharmacist to prepare and dispense prescription medications, count pills, measure medication, label and give instructions for medication, work with customers and health professionals, and help take payments.

34. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

35. Plaintiff regularly worked for Defendant but was not paid at least the Federal Minimum Wage for each and every hour worked as required by the FLSA during at least one work week.

36. Defendant failed and/or refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

37. Defendant was aware it had suffered and permitted Plaintiff to work without proper compensation for minimum wages under the FLSA.

38. Defendant knew, or showed reckless disregard for the fact, that its failure to pay Plaintiff as alleged herein was in violation of the FLSA.

39. Defendant's practice of failing to pay Plaintiff the appropriate minimum wage due violated the provisions of the FLSA, 29 U.S.C. § 206. As a result of Defendant's unlawful practice, Plaintiff has suffered unpaid wages.

40. The actions of Defendant complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

41. Because of Defendant's actions, Plaintiff had to retain counsel to pursue this cause of action, and is entitled to recover attorneys' fees and costs connected with this suit.

42. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

WHEREFORE, Plaintiff prays that this Honorable Court:

    A. Enter judgment for Plaintiff and against Defendant on the basis of Defendant's willful violations of the minimum wage

      provisions of the Fair Labor Standards Act, 29 U.S.C. § 206, as to Plaintiff;

B.   Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

C.   Award Plaintiff an equal amount in liquidated damages;

D.   Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.   Grant such other and further relief as this Court deems equitable and just.

F.   Plaintiff demands a trial by jury.

## **COUNT II – FAILURE TO PAY OVERTIME UNDER THE FLSA**

43. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully set forth herein.

44. Plaintiff was employed by Defendant as a pharmacy technician cashier from approximately August 2016 to July 2018.

45. During Plaintiff's time as Defendant's employee, Plaintiff worked as a pharmacy technician, and performed the essential duties required of Plaintiff, including, but not limited to, working with the pharmacist to prepare and dispense prescription medications, count pills, measure medication, label and give instructions for medication, work with customers and health professionals, and help take payments.

46. During the three-year period before this Complaint was filed, Plaintiff regularly worked, at Defendant's insistence, in excess of forty (40) hours per week.

47. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

48. Plaintiff was not exempt from receiving overtime compensation under the FLSA.

49. As such, Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times the regular hourly rate for each hour worked in excess of forty (40) in a work-week.

50. Defendant employed Plaintiff in excess of forty (40) hours in at least one work week without paying her at a rate of one and one half (1 ½) times the regular rate of pay for all hours worked in excess of forty (40) in the work week as required by the FLSA, and thus have violated Plaintiff's rights under 29 U.S.C. § 207.

51. As a consequence of the Defendant's violation of the FLSA, Plaintiff is entitled to one and one half (1 ½) times the regular rate of pay for

all hours worked in excess of forty (40) hours for each week employed by Defendant and for which she was not paid one and one half times (1 ½) the regular rate.

52. Defendant knew and was aware at all times that Plaintiff worked more than forty (40) hours per week without receiving the appropriate overtime compensation.

53. Defendant failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

54. Defendant knew, or showed reckless disregard for the fact, that its failure to pay Plaintiff as alleged herein was in violation of the FLSA.

55. The actions of Defendant complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

56. Because of Defendant's actions, Plaintiff had to retain counsel, and is entitled to recover attorneys' fees and costs connected with this suit.

57. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendant on the basis of Defendant's willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, as to the Plaintiff;

B. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

C. Award Plaintiff an equal amount in liquidated damages;

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

F. Plaintiff demands a trial by jury.

## JURY TRIAL IS DEMANDED

Dated this 4th day of October, 2018.

Respectfully submitted,

*/s/ Jeremiah J. Talbott*
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 0154784
Law Offices of Jeremiah J. Talbott, P.A.
900 East Moreno Street
Pensacola, FL 32503
(850) 437-9600 / (850) 437-0906 (fax)
jj@talbottlawfirm.com;
civilfilings@talbottlawfirm.com
*Attorney for Plaintiff*